UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAMUEL HARRIS,**

      **Plaintiff,**                    Case No. C2-04-CV-1179
                                             JUDGE GREGORY L. FROST
    **v.**                                 Magistrate Judge King

**CITY OF ST. CLAIRSVILLE, OHIO,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of a motion for summary judgment (Doc. # 113) filed by Defendants Richard Bauer and Donald Smithberger ("Bauer and Smithberger"), a memorandum in opposition (Doc. # 124) filed by Plaintiff Samuel Harris ("Plaintiff"), and a reply memorandum (Doc. # 133) filed by Bauer and Smithberger.

### A. Background

Bauer is the Superintendent of Water and Wastewater for the City of St. Clairsville, Ohio ("St. Clairsville"). Smithberger is the Electric Superintendent for St. Clairsville. St. Clairsville is a municipal corporation located in Belmont County, Ohio and is the exclusive provider of electric, water, and sewage services to the owners and occupants of property which is located within the city limits. It is also a political subdivision of the state of Ohio. Plaintiff was the owner of two separate parcels of real property: the real estate adjacent to Interstate 70 ("Interstate Property"), which originally was located outside St. Clairsville; and the Terrace Mobile Home Park ("Terrace Property"), which is located within St. Clairsville's limits. Plaintiff's Interstate Property (along with two adjacent parcels) was annexed from Richland

Township to St. Clairsville in 2002.

Plaintiff alleges that all defendants named in the Third Amended Complaint, as a group, engaged in a scheme for the purpose of forcing Plaintiff to part with a portion of Plaintiff's Interstate Property. Plaintiff further argues that all defendants took two approaches in furtherance of the alleged conspiracy to pressure Plaintiff to sell the Interstate Property. First, Plaintiff alleges that defendants generated false and overstated water and electric bills for utility services at the Terrace Property. Plaintiff argues that defendants then enforced these inaccurate bills by improperly placing liens on the Terrace Property and directly interfering with the relationships between Plaintiff and the tenants of the Terrace Property. Second, Plaintiff alleges that defendants caused the wrongful annexation of Plaintiff's Interstate Property. Plaintiff states that he first discovered in late 2002 that the Interstate Property had been annexed when he learned that Defendants were convening a planning commission meeting to consider zoning of the Interstate Property. Plaintiff attended the zoning meeting in February 2003 where he informed city council that he never signed the petition or agreed to annex his property. Subsequently, Plaintiff alleged that St. Clairsville annexed Plaintiff's Interstate Property in violation of multiple substantive and procedural requirements of Ohio's annexation law.

In connection with the allegations, Plaintiff seeks compensatory damages, punitive damages, and a court order "de-annexing" his Interstate Property under the following legal theories of relief: tortious interference with contract (Count One); illegal and improper annexation under Ohio law (Count Two); a "taking" of his property in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution (Counts Three and Four); civil conspiracy

(Count 5); and 42 U.S.C. § 1983 (Count 6).[1]

In response to Plaintiff's allegations, Bauer and Smithberger offer their own affidavits. (Doc. # 113.) As Superintendent of Water and Wastewater and Electric Superintendent, Bauer and Smithberger, respectively, were not responsible for calculating utility bills (other than recording the meter readings) or mailing them to customers. Furthermore, their positions did not entail collecting amounts owed to St. Clairsville by utility customers, deciding whether to turn off utility service for customers whose accounts are overdue, or placing liens against property of customers whose utility accounts are overdue. Neither Bauer or Smithberger have been personally involved or know of any plan or intention on the part of the other defendants to (1) build a "Welcome Center" in or near St Clairsville; (2) acquire all or part of Plaintiff's Interstate Property; or (3) pressure or coerce Plaintiff to sell the Interstate Property to St. Clairsville. Also, Bauer or Smithberger have not been involved in or know of any effort by or conspiracy among other city officials to generate fraudulent water or electric bills for Terrace Property or refuse to maintain electric utility poles at Terrace Property. They also have not been involved in and have no knowledge of Vincenzo, Bigler, Murphy, Fortney, or any employee of St. Clairsville soliciting a bribe, accepting a bribe, or engaging in any other unlawful or illegal activity. Finally, Bauer and Smithberger were not involved in the annexation or zoning of Plaintiff's Interstate Property; and did not forge Plaintiff's signature on a petition for annexation or any document and have no knowledge of anyone else doing that.

Bauer and Smithberger now move for summary judgment on all counts. (Doc. # 113.)

---

[1] Count Seven of the Third Amended Complaint, alleging negligence on part of Defendants, was recently dismissed by this Court. (Doc. # 108.)

## B. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden of showing the absence of any such "genuine issue" rests with the moving party: it must inform the district court of the basis for its motion, and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. Fed. R. Civ P. 56(e).
 The nonmoving party's burden at the summary judgment stage is as follows:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleading, but the adverse
> party's response, by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is a genuine issue
> for trial. If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

Here, the Court must therefore grant a motion for summary judgment if Plaintiff, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to his case.  *See Muncie*, 328 F.3d at 873 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  However, in ruling on a motion for summary judgment, "a district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

### C. Propriety of Exhibits

In its Opinion and Order granting St. Clairsville's motion for summary judgment (Doc. # 145) on all counts of Plaintiff's Third Amended Complaint, this Court struck from the record Plaintiff's Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 31, 34, 35, 36, 38 and 39.  Here, Bauer and Smithberger do not move to strike these exhibits, however, given this Court's prior analysis, it would be improper for this Court to now consider the exhibits aforementioned.  Fed. R. Civ. P. 56(e).  Consequently, this Court's analysis of the motion at hand does not rely on the exhibits that this Court has stricken from the record.

### D. Analysis

**1. Count One: Tortious Interference with Contract and Business Relationship and Prospective Business Advantage**

Count One of the Third Amended Complaint (Doc. # 59) is based on two separate sets of allegations. First, Plaintiff alleges that all of the defendants named in the Third Amended Complaint, as a group, interfered with his lease agreements with tenants at the Terrace Property by: (1) fraudulently billing for water not actually used by residents; (2) falsely stating to Terrace residents that Plaintiff had not paid his water bill and that St. Clairsville would terminate water service; (3) placing false liens on the property; and (4) refusing to maintain electric utility poles on the property, all of which was "an illegal attempt to coerce the plaintiff into selling or donating the Interstate property to the City or the defendants, or for the defendants' benefit." *Id.* ¶¶ 51, 52. As a result of that conduct, Plaintiff alleges that he suffered emotional distress and was forced to sell the Terrace Property at a significant loss. *Id.* ¶ 51.

Second, with respect to the Interstate Property, Plaintiff alleges that defendants interfered with his rights under a lease of that property by "illegally annexing and zoning the plaintiff's property and improperly refusing to allow plaintiff's tenant to expand the commercial business thereon" and by advising prospective purchasers of the property that "they would not be allowed to use the land in accordance with their plans." *Id.* at ¶¶ 54, 55.

"The tort of interference with a business relationship and contract rights occurs when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 14, 651 N.E.2d 1283, 1294 (1995). To establish a cause of action a plaintiff must show the

following: (1) the existence of a contract and/or a business relationship; (2) the wrongdoer's knowledge thereof; (3) the wrongdoer's intentional interference causing a breach or termination of the relationship; (4) lack of justification; and (5) resulting damages. *Fred Siegal Co., L.P.A. v. Arter and Hadden*, 85 Ohio St. 3d 171, 176, 707 N.E.2d 853, 858 (1999)*; Chandler & Assoc., Inc. v. America's Healthcare Alliance*, Inc., 125 Ohio App. 3d 572, 583, 709 N.E.2d 190, 197 (1997).

This Court notes that it already analyzed Count One of Plaintiff's Third Amended Complaint when it granted St. Clairsville's motion for summary judgment (Doc. # 145) and City Council's motion (Doc. # 146) for summary judgment against the same Plaintiff on all six counts. In the present case, Plaintiff provides no evidence that suggests that Bauer and Smithberger were involved in any manner with the zoning or annexation of the Interstate Property. Second, this Court finds that Plaintiff offers no evidence to create a genuine issue of material fact that suggests that Bauer and Smithberger tortiously interfered with Plaintiff's contractual rights or business relations with tenants or prospective purchasers of either the Terrace Property or the Interstate Property.

Thus, in light of this Court's prior analysis, and the fact that Plaintiff offers nothing but mere allegations and generalized suppositions to rebut Bauer and Smithberger's affidavits (Doc. # 113), this Court grants Bauer and Smithberger's motion for summary judgment on Count One.

**2. Count Two: Wrongful Annexation under Ohio Law**

Plaintiff alleges that all defendants named in the Third Amended Complaint, annexed Plaintiff's Interstate property in violation of multiple substantive and procedural requirements of Ohio's annexation law. (Doc. # 59 ¶ 60.) Plaintiff argues that defendants: (1) annexed and

zoned the Interstate Property despite knowledge that Plaintiff's signature on the annexation petition was forged and that the matters stated in the petition for annexation were false; (2) failed to notify Plaintiff of the annexation of his property; (3) zoned restrictively the property as "Office and Institution" despite knowledge that Plaintiff's signature had been forged; and (4) refused to de-annex the Interstate Property despite knowledge that his signature had been forged. (Doc. # 59 ¶¶ 60-61.)

This Court has already analyzed Count Two of Plaintiff's Third Amended Complaint when it granted St. Clairsville's motion for summary judgment (Doc. # 145) and City Council's motion (Doc. # 146) for summary judgment against the same Plaintiff on all six counts. In the present case, Plaintiff provides no evidence that suggests that Bauer and Smithberger were involved in any manner with the annexation or zoning of the Interstate Property. Even Plaintiff concedes that "exactly what role defendants Smithberger or Bauer had in the annexation or zoning remains unclear." (Doc. # 124 at 5.)

Thus, in light of this Court's prior analysis, and the fact that Plaintiff offers nothing but unspecified allegations to rebut Bauer and Smithberger's affidavits (Doc. # 113), this Court finds that there is no genuine issue of material fact that suggests that Bauer or Smithberger violated any procedural or substantive requirement of Ohio's annexation law. Thus, this Court grants Bauer and Smithberger's motion for summary judgment on Count Two.

### 3. Count Three: Taking in Violation of the Fifth Amendment of United States Constitution

In Count Three of the Third Amended Complaint (Doc. # 59), Plaintiff alleges that all defendants named in the Third Amended Complaint, as a group, "took" Plaintiff's Interstate Property by the following means: (1) annexing the property without complying with the

8

requirements of Ohio law governing annexation of realty; (2) zoning the Interstate Property so as to intentionally interfere with Plaintiff's contracts to lease and sell the property; (3) participating in a scheme to forge Plaintiff's signature and thereby annex and zone the property despite knowledge that Plaintiff's signature was false. (Doc. # 59 ¶¶ 66, 67.) In addition, Plaintiff alleges that defendants "took" Plaintiff's Terrace Property by: (1) knowingly overcharging Plaintiff for water being provided to the property; (2) intentionally refusing to maintain the electric poles so as to create physically dangerous conditions on the property; (3) falsely informing tenants that the water service would be terminated if Plaintiff did not pay his water bill; and (4) fraudulently filing liens on the property. *Id.* ¶ 69.

This Court has already found that there is no genuine issue of material fact that suggests that Bauer and Smithberger were involved, in any way, with the annexation or zoning of Plaintiff's Interstate Property or that they tortiously interfered with Plaintiff's contractual rights or business relations with tenants or prospective purchasers at either the Terrace or Interstate Property. Thus, in light of this Court's prior analysis, and the fact that Plaintiff offers nothing but mere allegations and generalized suppositions to rebut Bauer and Smithberger's affidavits (Doc. # 113-2), this Court grants Bauer and Smithberger's motion for summary judgment on Count Three.

### 4. Count Four: Taking Without Due Process of Law and Count Six: a Violation of 42 U.S.C. § 1983

Because of the incoherent manner in which Plaintiff presents his allegations in the Third Amended Complaint, this Court must address Count Four in light of Count Six. In Count Four, Plaintiff essentially repeats his allegations from Count Two and Three, and then argues that Defendants' annexation, zoning, and refusal to de-annex his Interstate Property constituted a

taking of his property in violation of Plaintiff's due process rights. (Doc. # 59 ¶¶ 73, 74; Doc. # 125 at 15.) In Count Six, Plaintiff alleges that Defendants essentially deprived Plaintiff of his due process and equal protection rights in violation of 42 U.S.C. § 1983. (Doc. # 59 ¶¶ 80, 81.) Plaintiff mistakenly argues under Count Six a separate cause of action based on 42 U.S.C. § 1983 as if it in itself creates a right to sue. *Id.*

First, this Court emphasizes that Section 1983 in itself creates no substantive rights, rather it merely provides a mechanism for aggrieved persons to obtain a remedy for deprivations of rights established elsewhere. *Joseph v. City of Columbus*, No. C2-04-754, 2006 WL 2795195, at *4 (S.D. Ohio Sept. 27, 2006) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985)). Section 1983 has two basic requirements: "(1) state action that (2) deprived an individual of federal statutory or constitutional rights." *Joseph*, 2006 WL 2795195, at *4 (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). The Sixth Circuit emphasizes that it analyzes "section 1983 actions based on deprivations of due process as falling into two categories: violations of procedural due process and violations of substantive due process." *Midkiff*, 409 F.3d at 762 (quoting *Mansfield Apartment Owners Ass'n*, 988 F.2d at 1473-74.) Thus, Section 1983, if applicable at all, is the proper vehicle for Plaintiff's allegations in Count Four.

This Court has already analyzed Counts Four and Six of Plaintiff's Third Amended Complaint when it granted both St. Clairsville's motion for summary judgment (# 145) and City Council's motion for summary judgment (# 146) against the same Plaintiff on all six counts. In light of this Court's prior analysis, and that Plaintiff has presented no evidence beyond mere, unspecified allegations suggesting that Bauer and Smithberger participated in any conduct which constituted a violation of Plaintiff's federal constitutional or statutory rights, this Court finds that

Bauer and Smithberger are entitled to summary judgment as a matter of law.  *See Haverstick Enterprises, Inc., v. Financial Fed. Credit, Inc*., 32 F.3d 989, 995 (6th Cir. 1994).  Therefore, this Court grants Bauer and Smithberger's motion for summary judgment on Count Four and Count Six.

### 5. Count Five: Civil Conspiracy

In Count Five of Plaintiff's Third Amended Complaint, Plaintiff alleges that defendants "willfully, intentionally, and maliciously conspired" among themselves to unlawfully deprive Plaintiff of his property and his money.  (Doc. # 59 ¶ 77.)

A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  *Aetna Cas. & Surety Co.,* 22 F. Supp. 2d at 703-04.   Under Ohio law, to succeed on a claim of civil conspiracy, a plaintiff must show that: (1) the defendants shared a common understanding or design to commit an unlawful act; (2) the alleged co-conspirator shared in the general conspiratorial objective; and (3) an act was committed in furtherance of the conspiracy that caused injury to the complainant*. Id.*  "A conspiracy claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Jordan v. Murphy*, 145 Fed. Appx. 513, 520 (6th Cir. 2005) (quoting *Avery v. Rossford, Ohio Transp. Improv. Dist*., 145 Ohio App. 3d 155, 762 N.E.2d 388 (Ohio App. 2001).

Here, Plaintiff's claim for civil conspiracy is barred by the "intra-corporate conspiracy" doctrine.  The Sixth Circuit has adopted the general rule in civil conspiracy cases that employees of a corporation or governmental entity cannot conspire among themselves because they are treated as one entity.  *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Edu*., 926 F.2d

11

505, 509 (6th Cir. 1991) (citing *Dougherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984)).  There can be no conspiracy between a municipality and its own agents or employees.  *Id.*

This Court has already analyzed Count Five of Plaintiff's Third Amended Complaint when it granted both St. Clairsville's motion for summary judgment (# 145) and City Council's motion for summary judgment (# 146) against the same Plaintiff on all six counts.  In light of this Court's prior analysis regarding the "intra-corporate conspiracy" doctrine, Bauer and Smithberger's affidavit, and the fact that Plaintiff has presented no evidence beyond generalized allegations suggesting that Bauer and Smithberger conspired in any manner with any other Defendant, this Court also grants Bauer and Smithberger's motion for summary judgment on Count Five.

### E. Conclusion

In conclusion, this Court **GRANTS** Defendant Bauer and Smithberger's motion for summary judgment (Doc. # 113) on all counts of Plaintiff's Third Amended Complaint.  The clerk shall enter judgment accordingly and terminate this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

   /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**