UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAMUEL HARRIS,**

  **Plaintiff,**         Case No. C2-04-CV-1179
                 JUDGE GREGORY L. FROST
  v.               Magistrate Judge King

**CITY OF ST. CLAIRSVILLE, OHIO,** *et al.***,**

  **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of a motion for summary judgment (Doc. # 119) filed by Defendant Jill Lucidi, ("Lucidi"), a memorandum in opposition (Doc. # 123) filed by Plaintiff Samuel Harris ("Plaintiff"), and a reply memorandum (Doc. # 134) filed by Lucidi.

### A. Background

Plaintiff was the owner of two separate parcels of real property: the real estate adjacent to Interstate 70 ("Interstate Property"), which originally was located outside St. Clairsville, Ohio; and the Terrace Mobile Home Park ("Terrace Property"), which is located within St. Clairsville's limits. Plaintiff's Interstate Property (along with two adjacent parcels) was annexed from Richland Township to St. Clairsville in 2002.

Lucidi has served as St. Clairsville's Finance Director for twelve years. As finance director, she monitors financial matters of St. Clairsville, however, she does not supervise the spending of any individual official or department except the finance department.

St. Clairsville is a municipal corporation located in Belmont County, Ohio and is the exclusive provider of electric, water, and sewage services to the owners and occupants of

property which is located within the city limits.  It is also a political subdivision of the state of Ohio.

Plaintiff alleges that all defendants named in the Third Amended Complaint, as a group, engaged in a scheme for the purpose of forcing Plaintiff to part with a portion of Plaintiff's Interstate Property.  Plaintiff further argues that defendants took two approaches in furtherance of the alleged conspiracy to pressure Plaintiff to sell the Interstate Property.  First, Plaintiff alleges that defendants generated false and overstated water and electric bills for utility services at the Terrace Property.  Plaintiff argues that defendants then enforced these inaccurate bills by improperly placing liens on the Terrace Property and directly interfering with the relationships between Plaintiff and the tenants of the Terrace Property.  Plaintiff alleges that defendants annexed Plaintiff's Interstate Property in violation of multiple substantive and procedural requirements of Ohio's annexation law.  (Doc. # 59 ¶ 60.)   Plaintiff states that he first discovered in late 2002 that the Interstate Property had been annexed when he learned that St. Clairsville was convening a planning commission meeting to consider zoning of the Interstate Property.  Plaintiff attended the zoning meeting in February 2003 where he informed city council that he never signed the petition or agreed to annex his property.

In connection with the allegations, Plaintiff seeks compensatory damages, punitive damages, and a court order "de-annexing" his Interstate Property under the following legal theories of relief: tortious interference with contract (Count One); illegal and improper annexation under Ohio law (Count Two); a "taking" of his property in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution (Counts Three and Four); civil conspiracy

(Count 5); and 42 U.S.C. § 1983 (Count 6)[1].

In response to Plaintiff's allegations, Lucidi offers her own affidavit. (Doc. # 119-2.) Lucidi has stated that she knows of no plan or intention on the part of St. Clairsville to build a "Welcome Center" in or near the city. She knows of no plan or intention on the part of the City of St. Clairsville to acquire all or part of the Interstate Property. Lucidi has not personally been involved in any plan or conspiracy to acquire the Interstate Property from Plaintiff or to pressure or coerce Plaintiff to sell the Interstate property to St. Clairsville, and she knows of no such plan or conspiracy on the part of Mayor Robert Vincenzo or other city officials. She has not personally been involved in any effort or conspiracy to generate fraudulent water bills for the Terrace Property, and she knows of no effort by or conspiracy among Mayor Robert Vincenzo, Shelley Fortney, or other city officials to do so. Lucidi knows of no effort by or conspiracy among Mayor Robert Vincenzo, Shelley Fortney, or other city officials to generate or file fraudulent liens for unpaid electric bills on Plaintiff's Terrace Property, and she has not personally been involved in any such effort or conspiracy. Lucidi has testified that she knows of no effort by or conspiracy among St. Clairsville officials to refuse to maintain electric utility poles at Plaintiff's Terrace Property, and she has not personally been involved in any such effort or conspiracy.

Lucidi has had no involvement with Congressman Robert Ney, Mayor Vincenzo, Dennis Bigler, Thomas Murphy, or anyone else, with respect to any agreement or plan to acquire Plaintiff's Interstate Property as part of a plan to develop real estate in Belmont County. She has never been involved in, and has no knowledge of, Robert Vincenzo, Dennis Bigler, Thomas

---

[1] Count Seven of the Third Amended Complaint, alleging negligence on part of Defendants, was recently dismissed by this Court. (Doc. # 108.)

3

Murphy, Shelley Fortney, or any other employee of St. Clairsville soliciting a bribe, accepting a bribe, or engaging in any other unlawful or illegal activity as alleged in Plaintiff's Third Amended Complaint. She personally has never solicited or accepted a bribe or engaged in any other type of unlawful activity as alleged in Plaintiff's Third Amended Complaint.

Lucidi has not been involved in any plan to annex Plaintiff's Interstate Property to St. Clairsville, and she had no involvement with any proceedings before the Belmont County Board of Commissioners regarding the proposed annexation of Plaintiff's Interstate Property. As the Finance Director for St. Clairsville, she is permitted to attend, and does frequently attend, meetings of city council. However, she is not a member of city council and does not have authority to vote on matters before the council. She does not specifically recall whether she attended a city council meeting on February 19, 2002, during which the proposed annexation of Plaintiff's Interstate Property was discussed and voted on. However, for the reasons just stated, she would not have voted, and in fact did not vote, on the proposed annexation of Plaintiff's Interstate Property at any city council meeting at any time. Lucidi did not forge Plaintiff's signature on any document, including, but not limited to, the petition for annexation of the Interstate Property that was submitted to the Belmont County Board of Commissioners. She has no knowledge of anyone else forging Plaintiff's name on that petition or on any other document.

Lucidi had no involvement in any aspect of the zoning process regarding Plaintiff's Interstate Property. She did not attend any hearings before St. Clairsville's Planning Commission and she had no involvement in, or direct knowledge of, any recommendations from the planning commission to city council regarding the zoning of the property.

Lucidi does not specifically recall whether she attended a meeting of city council on

4

April 7, 2003 regarding the zoning of the property. However, for the reasons previously stated herein, she would not have voted, and in fact did not vote, on the zoning of the property at any city council meeting at any time. Lucidi had no involvement in any proceedings regarding a petition by O.S. Hill to re-zone the property from "Office and Institution" to "Commercial." She did not attend any hearings before the St. Clairsville's Planning Commission on that issue, and she had no involvement in any recommendations from the Planning Commission to city council regarding the zoning of the property or regarding the denial of the petition. Lucidi is reasonably certain that she was not present at a city council meeting on September 7, 2004, when city council reportedly voted to deny O.S. Hill's request to re-zone the property to "Commercial." Moreover, for the reasons previously stated herein, she would not have voted, and in fact did not vote, on any petition to re-zone the property.

During her tenure as Finance Director, Lucidi did not negligently issue, or cause to be issued, false or fraudulent water bills to Plaintiff regarding the Terrace Property. She has never intentionally, deliberately, knowingly, recklessly, or otherwise wrongfully issued false or fraudulent water bills to Plaintiff regarding the Terrace Property, and she has not wrongfully obtained, secured, placed, or filed any liens on or against Plaintiff's property. Lucidi never knowingly received, accepted, or processed for payment a duplicate payment from Plaintiff in the form of cash, for payment of a bill that had already been properly and adequately satisfied by a sufficiently-funded check. At no time did she ever receive or accept any cash from Plaintiff for payment of a bill and fail to apply that payment to the intended bill. At no time did Lucidi ever use cash from Plaintiff to fund bonuses for city employees, her co-workers, or herself.

Lucidi now moves for summary judgment on all counts against Plaintiff. (Doc. # 119.)

**B. Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden of showing the absence of any such "genuine issue" rests with the moving party: it must inform the district court of the basis for its motion, and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. Fed. R. Civ P. 56(e).

The nonmoving party's burden at the summary judgment stage is as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

Here, the Court must therefore grant a motion for summary judgment if Plaintiff, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to his case. *See Muncie*, 328 F.3d at 873 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, in ruling on a motion for summary judgment, "a district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

### C. Propriety of Exhibits

Plaintiff's allegations are ostensibly supported by 44 exhibits. (Doc. # 130.) Lucidi has objected to their submission on various grounds. In its Opinion and Order granting St. Clairsville's motion for summary judgment (Doc. # 145) on all counts of Plaintiff's Third Amended Complaint, this Court struck from the record Plaintiff's Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 31, 34, 35, 36, 38 and 39. Consequently, this Court's analysis of the motion at hand does not rely on the exhibits that this Court has stricken from the record.

### D. Analysis

**1. Statutory Immunity under Ohio's Political Subdivision Tort Liability Act**

Lucidi argues that as an employee of St. Clairsville, she has statutory immunity from civil liability for claims against her arising out of her performance of governmental functions under the Political Subdivision Tort Liability Act, codified in Ohio Rev. Code Chapter 2744. (Doc. # 119 at 8.) She argues that Plaintiff has produced no evidence that suggests that any of the Lucidi's actions were manifestly outside the scope of her employment duties or that any of her actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner. *Id.* Thus, Lucidi argues that Plaintiff offers no evidence sufficient to circumvent her statutory immunity under Ohio Rev. Code § 2744.03, and therefore she is immune from liability on Counts One, Two, and Five of the Third Amended Complaint.[2] Plaintiff recognizes the immunity doctrine in his memorandum in opposition. (Doc. # 123.) It is undisputed that all of the allegations against Lucidi relate to her actions within her scope of employment as finance director in which she carries out various governmental functions.[3] (Doc. # 119; Doc. 123 at 5.) Plaintiff argues, however, the Lucidi does not qualify for immunity because Lucidi actions were "at least in bad faith, if not taken with malicious purpose." (Doc. # 123 at 5.) The Court finds Lucidi's argument well-taken.

Immunity from civil liability under Ohio Rev. Code § 2744.03 applies to " any civil

---

[2] These counts are the counts in the Third Amended Complaint (Doc. # 59) that are state law claims that do not involve alleged violations of federal constitutional or statutory rights. Lucidi's statutory immunity argument under Ohio's Political Subdivision Tort Liability Act only applies to state law civil claims against her: Count One, Two, and Five. (Doc. # 59.)

[3] Ohio Rev. Code § 2744.01 defines "governmental function" to include any function "that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement," as well as any function "that promotes or preserves the public peace, health, safety, or welfare; that involves activities not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function." Ohio Rev. Code § 2744.01 (a)(c).

action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function." Section (6) in pertinent part states that "the employee is immune from liability unless one of the following applies: (a) [t]the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in wanton or reckless manner." Ohio Rev. Code § 2744.03(6)(a)(b).

Plaintiff offers nothing but mere allegations and generalized suppositions to rebut Lucidi's affidavit (Doc. # 119-2). After reviewing all of the affidavits, depositions, and exhibits, this Court finds that the record is devoid of any specific evidence against Lucidi on which this Court can rely to create an issue of material fact as to whether Lucidi "acts or omissions were with malicious purpose, in bad faith, or in wanton or reckless manner." Ohio Rev. Code § 2744.03(6)(a)(b). Thus, this Court finds that Plaintiff has failed to present evidence sufficient to overcome Lucidi's statutory immunity on Counts One, Two, and Five. (Doc. # 119; Doc. # 119-2; # Doc. 123; # Doc. 124.) Therefore, this Court grants Lucidi's motion for summary judgment on Counts One, Two, and Five.

**2. 42 U.S.C. § 1983**

Lucidi argues that she is entitled to summary judgment on the basis of qualified immunity in regard to Plaintiff's 42 U.S.C. § 1983 claim.

Because of the incoherent manner in which Plaintiff presents his allegations in the Third Amended Complaint, this Court must address Count Four in light of Count Six. In Count Four, Plaintiff essentially repeats his allegations from Count Two and Three, and then argues that

9

Defendants' annexation, zoning, and refusal to de-annex his Interstate Property constituted a taking of his property in violation of Plaintiff's due process rights.  (Doc. # 59 ¶¶ 73, 74; Doc. # 125 at 15.)  In Count Six, Plaintiff alleges that the Defendant essentially deprived Plaintiff of his due process and equal protection rights in violation of 42 U.S.C. § 1983.  (Doc. # 59 ¶¶ 80, 81.)  Plaintiff mistakenly argues under Count Six a separate cause of action based on 42 U.S.C. § 1983 as if it in itself creates a right to sue.  *Id.*

First, this Court emphasizes that Section 1983 in itself creates no substantive rights, rather it merely provides a mechanism for aggrieved persons to obtain a remedy for deprivations of rights established elsewhere.  *Joseph v. City of Columbus*, No. C2-04-754, 2006 WL 2795195, at *4 (S.D. Ohio Sept. 27, 2006) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985)).  Section 1983 has two basic requirements: "(1) state action that (2) deprived an individual of federal statutory or constitutional rights."  *Joseph*, 2006 WL 2795195, at *4 (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)).. The Sixth Circuit emphasizes that it analyzes "section 1983 actions based on deprivations of due process as falling into two categories: violations of procedural due process and violations of substantive due process." *Midkiff*, 409 F.3d at 762 (quoting *Mansfield Apartment Owners Ass'n*, 988 F.2d at 1473-74.)  Thus, Section 1983, if applicable at all, is the proper vehicle for Plaintiff's allegations in Count Four.

Under the qualified immunity doctrine, a government official is immune from liability for civil rights damages insofar as her conduct did not violate a clearly established statutory or constitutional rights of which a reasonable officer in that particular situation was aware or should have been aware existed.  *See, e.g., Hughes v. City of North Olmsted*, 93 F.3d 238, 241 (6th Cir. 1996.)

10

In light of the fact that Plaintiff has presented no evidence beyond mere allegations suggesting that Lucidi participated in any conduct which she reasonably should have known constituted a violation of Plaintiff's federal constitutional or statutory rights, this Court finds that Lucidi is entitled to qualified immunity from claims arising under 42 § U.S.C. 1983.

Alternatively, because there is no evidence beyond mere allegations suggesting that this state actor has deprived Plaintiff of his federal constitutional or statutory rights, Plaintiff has not met the basic requirements for a cause of action based on 42 U.S.C. § 1983. *Joseph*, 2006 WL 2795195, at *4 (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). Thus, even if Lucidi was not entitled to qualified immunity, she still is entitled to summary judgment as a matter of law. *See Haverstick Enterprises, Inc., v. Financial Fed. Credit, Inc*., 32 F.3d 989, 995 (6th Cir. 1994). Therefore, this Court grants Lucidi's motion for summary judgment on Count Three, Four, and Count Six.

### E. Conclusion

In conclusion, this Court **GRANTS** Lucidi's motion for summary judgment (Doc. # 119) on all counts of Plaintiff's Third Amended Complaint. The clerk shall enter judgment accordingly and terminate this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

      **/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**